**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WILLIE JOHNSON, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | **CLASS COMPLAINT** |
| SEARS BENNETT & GERDES, LLP, | § | Jury Trial Demanded |
| Defendant. | § | |
| | § | |
| | § | |

**NATURE OF ACTION**

1.    Plaintiff Willie Johnson ("Plaintiff") brings this action against Defendant Sears Bennet & Gerdes, LLP ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION, VENUE, AND STANDING**

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the

1

protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6.      "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

7.      "To determine whether a particular collection practice violates the FDPCA, the Court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'"  *Castro v. Collecto, Inc.*, 668 F. Supp. 2d 950, 959 (W.D. Tex. 2009) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

8.      "The Fifth Circuit has explained the unsophisticated or least sophisticated consumer standard is meant to protect all consumers from abusive or deceptive collection practices and to protect debt collectors from consumers who misinterpret collection materials." *Id.* at 959-60.

## PARTIES

9.      Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Fort Bend, and City of Missouri City.

10.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

14.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal homeowners association fees (the "Debt").

15.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

16.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17.     In connection with the collection of the Debt, Defendant sent Plaintiff written correspondence dated January 7, 2019.

18.     A true and correct copy of the January 7, 2019 letter is attached as Exhibit A.

19.    The January 7, 2019 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

20.    The January 7, 2019 letter threatens, in relevant part: "**In the event that full payment is not received within thirty (30) days of the date of this letter, the Association will commence foreclosure proceedings against the above reference property.**" Exhibit A (emphasis in original).

21.    While the letter then provides the dispute rights contained in 15 U.S.C. § 1692g(a), they are overshadowed by the preceding sentences, which would cause the consumer to overlook his rights due to the fear of an imminent lawsuit.

22.    A consumer, faced with the above demand for payment, may well wonder what good it would do to dispute, given that he will face a lawsuit anyway if payment is not made if one has not already been filed.

23.    In addition, Sear's January 7, 2019 letter was sent on Defendant's law firm letterhead and closed with the hand signed signature of an attorney. *See* Exhibit A.

## CLASS ALLEGATIONS

24.    Plaintiff repeats and re-alleges the factual allegations above.

25.    Defendant's January 7, 2019 letter is based on a form or template (the "Template").

26.    Defendant has sent more than forty (40) collection letters based upon the Template to individuals in the State of Texas in the year prior to the filing of this action.

27.    Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class:

All individuals in the State of Texas to whom Defendant sent, within one year before the date of this complaint and in an attempt to collect a consumer debt, an initial letter based on the Template.

28.     The class is averred to be so numerous that joinder of members is impracticable.

29.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

30.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

31.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented.  These common questions of law and fact predominate over questions that may affect individual class members.  Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

32.     The claims of Plaintiff are typical of the claims of the class he seeks to represent.

33.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant.  Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

34.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

35.     Plaintiff will fairly and adequately protect the interests of the classes and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

36.     Plaintiff is willing and prepared to serve this Court and the proposed class.

37.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

38.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, who will adequately prosecute this action, and who will assert, protect and otherwise represent Plaintiff and all absent class members.

39.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

40.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

41.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

42.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

43.    Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692g(b)**

44.    Plaintiff repeats and re-alleges each factual allegation above.

45.    A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

46.    Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

47.    This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

48.    "To comply with the FDCPA's notice requirements, the notice must actually and effectively convey to the consumer his right to dispute the debt." *In re Martinez*, 271 B.R. 696, 700 (S.D. Fla. 2001), *aff'd,* 311 F.3d 1272 (11th Cir. 2002).

49.    To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id*.

50.    "More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013).

51.    The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself. *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

52.    "Cases in which courts have found violation of section 1692g address collection letters that demanded payment within a time period that was less than the statutory thirty day period to dispute the debt, that emphasized the duty to make the payment, and that obscured the fact that the debtor had thirty days to dispute the debt." *Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381, 1387 (S.D. Fla. 2014) (quotations omitted).

53.    If a debt collection letter "lacks any explanation of how the threats pressuring the consumer for immediate payment are consistent with the validation notice, the threats overshadow and contradict the notice, which therefore has not been effectively conveyed." *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 819-20 (M.D.N.C. 2011).

54.     Here, Defendant's January 7, 2019 letter demanded payment within thirty days of the date of the letter and threatened foreclosing on Plaintiff's property if payment was not received.

55.     While a debt collector may legally initiate legal action before the expiration of the 30-day period, a debt collection notice violates § 1692g where such threats would cause an unsophisticated consumer to overlook or ignore his rights.

56.     To assist debt collectors who wish to threaten legal action in collection notices, the Seventh Circuit has drafted "safe harbor" language—adopted by courts around the nation— that explains the apparent contradiction between the consumer's right to dispute within 30 days and the debt collector's right to bring legal action before the expiration of that period, which reads, in relevant part, as follows:

> The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

*Bartlett v. Heibl*, 128 F.3d 497, 502 (7th Cir. 1997).

57.     Where a collection letter makes no effort to explain that the consumer may take advantage of his or her rights under § 1692g, notwithstanding the threat to foreclose within the 30-day dispute period, the debt collector runs the risk of violating § 1692g(b).

58.     "*Bartlett* makes clear that although a debt collector has the right to sue a consumer during the statutory thirty-day period, it must tread carefully when leveraging this right in the initial collection letter to extract payment so as not to overshadow or contradict the consumer's validation rights." *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 820–21 (M.D.N.C. 2011).

59.     However, Defendant's January 7, 2019 letter failed to explain to Plaintiff that he may still take advantage of his rights under § 1692g(a).

60.     Therefore, Defendant violated 15 U.S.C. § 1692g(b) when it sent Plaintiff its October 26, 2017 letter that overshadowed the disclosures required pursuant to 15 U.S.C. § 1692g(a) during the thirty-day dispute period.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)   Adjudging that Defendant violated 15 U.S.C. § 1692g(b) with respect to Plaintiff and the class he seeks to represent;

c)   Awarding Plaintiff and the class he seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)   Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)   Awarding Plaintiff and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)   Awarding Plaintiff and the class he seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

61.    Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 14, 2019

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Southern District Bar # 1572841
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:     602-388-8898
Facsimile:     866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff