IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE JOHNSON, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:19-CV-01771 |
| V. | § | JURY |
| | § | |
| SEARS, BENNETT & GERDES, LLP, | § | |
| | § | |
| Defendant | § | |

**DEFENDANT SEARS, BENNETT & GERDES, LLP'S
MOTION FOR JUDGMENT ON THE PLEADINGS
UNDER RULE 12(C) AND BRIEF IN SUPPORT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF CITATIONS ............................................................................................... ii

NATURE AND STAGE OF THE PROCEEDING ......................................................... 1

ISSUES TO BE RULED UPON BY THE COURT ....................................................... 1

SUMMARY OF THE ARGUMENT ............................................................................. 2

STATEMENT OF FACTS .............................................................................................. 4

ARGUMENT & AUTHORITIES .................................................................................. 6

A.     Nothing in the Letter Overshadows the FDCPA Disclosure. ............................... 8

B.     The Letter Does Not Contradict the FDCPA Notice. ...................................... 10

CONCLUSION ............................................................................................................. 14

CERTIFICATE OF SERVICE ..................................................................................... 15

TABLE OF CITATIONS

*FEDERAL CASES*

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,
173 L. Ed. 2d 868 (2009)..............................................................................2

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955,
167 L.Ed.2d 929 (2007)................................................................................2

*Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998) ................................................6

*Campuzano–Burgos v. Midland Credit Mgmt.,* 550 F.3d 294
(3d Cir. 2008) .............................................................................................7

*Clomon v. Jackson,* 988 F.2d 1314 (2d Cir.1993)................................................7

*DeCarlo v. McKinnon*, 2014 WL 12214345 (S.D. Fla. 2014) .........................13

*Doe v. MySpace, Inc.*, 528 F.3d 413 (5th Cir. 2008)......................................1, 2

*Fed. Home Loan Mortgage Corp. v. Lamar,*503 F.3d 504
(6th Cir.2007) ..............................................................................................7

*Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d 1361
(M. D. Fla. 2002) .................................................................................12, 13

*Great Plains Trust Co. v. Morgan Stanley Dean
Witter & Co.,* 313 F.3d 305 (5th Cir.2002) ...................................................1

*Gonzalez v. Kay,* 577 F.3d 600 (5th Cir. 2009) ...................................2, 6-7, 7

*Goswami v. Am. Collections Enters., Inc.,* 377 F.3d 488 (5th Cir.2004)...........7

*Greco v. Trauner, Cohen & Thomas, L.L.P.,*
412 F.3d 360 (2d Cir.2005) .........................................................................7

*Hughes v. The Tobacco Inst., Inc.,* 278 F.3d 417 (5th Cir.2001) .......................1

*Johnson v. Johnson,* 385 F.3d 503 (5th Cir.2004)............................................1

*Kistner v. Law Offices of Michael P. Margelefsky, LLC,*
518 F.3d 433 (6th Cir.2008) ........................................................................7

*Langley v. Weinstein & Riley, PS,* 2013 WL 2951057
(S.D.Tex. June 14, 2013) ................................................................................. 7, 8

*Mahmoud v. DeMoss Owners Assoc., Inc.*, 865 F.3d 322
(5th Cir. 2017) ...................................................................................... 10, 11, 12

*Mahmoud v. De Moss Owners Ass'n, Inc.,*
No. CV 4:13-CV-1758, 2015 WL 12551078
(S.D. Tex. Sept. 30, 2015), *aff'd,* 865 F.3d 322 (5th Cir. 2017) ...................... 11

*McMurray v. ProCollect, Inc.,* 687 F.3d 665 (5th Cir. 2012) ............................ 8, 9, 10, 11

*Miller v. Javitch, Block & Rathbone,* 561 F.3d 588 (6th Cir.2009) ................... 8

*Osborn v. Ekpsz, LLC,* 821 F.Supp.2d 859, 867 (S.D.Tex.2001) ....................... 7, 10, 11

*Peter v. GC Servs. L.P.,* 310 F.3d 344 (5th Cir.2002).................................... 3, 7, 8, 10, 11

*Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232
(5th Cir.1997) ..................................................................................................... 7

*Walker v. Pharia, LLC,* No. 4:09–cv–369–Y, 2010 WL 565654
(N.D.Tex. Feb.18, 2010)...................................................................................... 7

Defendant, Sears, Bennett & Gerdes, LLP ("Sears"), files this motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), and would respectfully show the Court:

## NATURE AND STAGE OF THE PROCEEDING

Mr. Johnson filed a complaint and Sears was served. Sears filed a motion to dismiss under Rule 12(b)(6). Mr. Johnson amended his complaint and Sears' 12(b) motion was denied as moot. This motion for judgment on the pleadings is filed under Rule 12(c) in response to the amended complaint, and prior to Sears filing an answer or engaging in any discovery.

## ISSUES TO BE RULED UPON BY THE COURT

Sears moves for judgment on the pleadings against Mr. Johnson under Rule 12(c) because the allegations in the amended complaint, even taken as true, entitled Sears to judgment as a matter of law.

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)(citing *Johnson v. Johnson,* 385 F.3d 503, 529 (5th Cir.2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 n. 8 (5th Cir.2002))). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id*. (citing *Hughes v. The Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir.2001)). Although a court must accept the factual allegations in the pleadings as true, a plaintiff still must plead "enough facts to state a claim

to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

*Twombly* set out the pleading standard for all civil actions, and it applies to all suits filed in federal court. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009). Two working principles underlie *Twombly.* First, the rule that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949-50 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555); *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* Legal conclusions "must be supported by factual allegations." *Gonzalez v. Kay,* 577 F.3d at 603.

Second, upon identifying the well-pleaded factual allegations, a court assumes they are true and then determines whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949-50. Only a complaint that states a plausible claim for relief survives. *Id.* If there is no plausible claim for relief, the plaintiff pleads itself out of court. *Bell Atlantic. v. Twombly,* 127 S.Ct. at 1965, 1973 n. 14.

### SUMMARY OF THE ARGUMENT

Mr. Johnson originally filed suit alleging a collection letter from Sears, which he attached to his complaint, violates the Federal Fair Debt Collection Practices Act 15 U.S.C. § 1692g(b) ("FDCPA") by overshadowing the required § 1692g(a) disclosures contained in the letter. In his amended complaint, Mr. Johnson continues to assert overshadowing under § 1692g(b) of the FDCPA and adds an allegation the letter contains statements

inconsistent with the required notices due a debtor under the FDCPA. *See* Plaintiff's First Amended Complaint at 11, ¶72.

Reading the letter as a whole and applying the legal standard announced in *Peter v. GC Servs. L.P.,* 310 F.3d 344 (5th Cir.2002), the letter does not demand payment immediately or in a concrete time period shorter than 30 days as required to violate the FDCPA. Instead, the letter provides Mr. Johnson with 30 days to make payment. While there may be a subjective argument over the beginning of the 30 day period, the Fifth Circuit has held such an argument does not reach the point of an inconsistency or overshadowing.

Mr. Johnson also alleges the FDCPA disclosures in the letter are overshadowed by Sears' threat. The alleged threat in the letter is a disclosure Sears' client, an HOA, will seek to foreclose on Mr. Johnson's property if he does not pay his debt. A "threat" that a creditor will take an action it is legally entitled to take if the debt is not paid does not overshadow the FDCPA required notice language because one way of encouraging a debtor to come forward and resolve a dispute with a creditor is to inform the debtor of the possible negative consequences that arise from failing to pay the debt.

Examining the two-page letter under the unsophisticated consumer standard, this Court can conclude as a matter of law that the Sears letter is not inconsistent with and does not overshadow the statutory disclosures required under the FDCPA and does not violate § 1692g(b). Sears is entitled to a judgment on the pleadings in its favor.

## STATEMENT OF FACTS

Mr. Johnson, who failed to pay his HOA dues, alleges Sears sent Mr. Johnson a letter dated January 7, 2019. *See* First Amended Complaint at 3, ¶ 17. Mr. Johnson alleges the January 7, 2019 letter was Sears' initial communication with him. *See* First Amended Complaint at 4, ¶ 19. Mr. Johnson acknowledges the letter contains the recitation of creditor's rights required by 15 U.S.C. § 1692g(a). *See* First Amended Complaint at 5, ¶ 29.

According to Mr. Johnson, he did not receive the January 7, 2019 letter by certified mail until January 11, 2019. *See* First Amended Complaint at 4, ¶ 22. Mr. Johnson alleges he received the copy of the letter by regular mail on January 9, 2019. *See* First Amended Complaint at 4, ¶ 24. In what is a legal conclusion and not a factual allegation, Mr. Johnson claims, "Defendant's statement in the Letter that payment must be 'received within (30) days of the *date* of this letter,' *id*. (emphasis added), is inconsistent with the disclosure that Plaintiff may dispute the Debt within 30 days of his *receipt* of the Letter." *See* First Amended Complaint at 5, ¶ 34.

Mr. Johnson alleges statements in the letter overshadowed the FDCPA disclosure of his right to contest the debt, and the 30 day notice one the first page of the letter is inconsistent with his rights under the FDCPA. *See* Complaint at 11, ¶ 72. Mr. Johnson brings those claims under 15 U.S.C. § 1692g(b). *Id*.

The entire letter, which is attached to the Amended Complaint as an exhibit, reads:

> Please be advised that this law firm represents the Association and we have been retained to collect the maintenance assessments due and owing on your property in Lake Olympia. As you are well aware, you are required to pay to the Association annual maintenance assessments on January 1st and related fees and legal fees if not paid timely. The Association previously forwarded

an invoice for the past due assessments, but no payments have been received to date and/or you have failed to pay off the account in full. As a result, your account has been turned over to this law firm and you are required to reimburse the Association its attorney's fees incurred in attempting to collect this debt.

**You are requested to forward a check made <u>payable to Lake Olympia</u> in the amount of <u>$2,244.32</u> to our office at <u>6548 Greatwood Parkway, Sugar Land, Texas 77479</u> within thirty (30) days of the date of this letter. In the event that full payment is not received within thirty (30) days of the date of this letter, the Association will commence foreclosure proceedings against the above referenced property. If you wish to make payment by credit or debit card, please call our office (a processing fee will apply).**

*Your account is in legal. All future payments should be sent to our office. Payments made directly to the Association's banking lock box may be accepted; however, they will not stop collection efforts and/or the foreclosure of the Association's lien. Furthermore, if you submit partial payments to the Association directly despite our specific instructions to make arrangements with our office, additional legal fees will be incurred .*

A verified breakdown is enclosed with this letter. Please contact michelle@searsfirm.com to inquire about available payment arrangements, if any.

**<u>Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately. Consult your attorney or see the Servicemembers Civil Relief Act (50 U.S.C. app. Section 501, et seq.) for more information.</u>**

**FAIR DEBT COLLECTION PRACTICES ACT NOTICE:** Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. Section 1601, et seq., we are providing you with the following information in connection with the collection of all indebtedness and obligations evidenced by or securing payment of the note or other debt described within the content of this notice, (the "Debt"):

Unless you dispute the validity of all or any portion of the Debt within thirty (30) days after receipt of this notice, we will assume that the Debt is valid. The amount of the Debt and the name of the creditor to whom the Debt is owed (the "Association") are stated within the content of this notice. If you do notify us in writing within the thirty-day period that all or any portion of the Debt is disputed, we will forward you a verification of the Debt or a copy of a judgment against you (if the Debt has been reduced to a judgment). In addition, upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the Association. **This letter is from a debt collector pursuant to the Federal Fair Debt Collection Practices Act and this is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Furthermore, this communication does not imply that the Association is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely to enforce the deed restrictions against the property and does not constitute a personal demand for payment. Please be advised that this letter constitutes notice pursuant to Section 51.002(d) of the Texas Property Code.

*It is the Association's sincere desire that the account be paid in full and no further legal action is required. Please contact our office and make arrangements to cure your default.*

*See* First Amended Complaint, Exhibit A.

### ARGUMENT & AUTHORITIES

Mr. Johnson can plead himself out of court by alleging facts that establish Sears' entitlement to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998). Sears moves for judgment on the pleadings because the amended complaint and Sears' letter, which is attached to it, prove the letter does not violate the 15 U.S.C. § 1692g(b) as a matter of law.

The Fifth Circuit has explained, "There are some letters that, as a matter of law, are not deceptive based on the language and placement of a disclaimer." *Gonzalez v. Kay,* 577

-6-

F.3d 600, 606 (5th Cir.2009), *cert. denied,* 559 U.S. 936, 130 S.Ct. 1505, 176 L.Ed.2d 110 (2010). In *Langley v. Weinstein & Riley, PS,* 2013 WL 2951057 at \*33–4 (S.D.Tex. June 14, 2013), this Court provided a detailed explanation of the FDCPA standard to be applied in this case:

> When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated consumer standard." *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir.2009) (quoting *Goswami v. Am. Collections Enters., Inc.,* 377 F.3d 488, 495 (5th Cir.2004)). Although the Court assumes "the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors," the Court "do[es] not consider the debtor as tied to the very last rung on the [intelligence or] sophistication ladder." *Id.* (quoting *Goswami,* 377 F.3d at 495) (internal citation marks omitted).
>
> An unsophisticated consumer "is not illiterate and can be expected to read the entire collection letter with some care." *See Osborn v. Ekpsz, LLC,* 821 F.Supp.2d 859, 867 (S.D.Tex.2001) (Rosenthal, J.) (citing *Greco v. Trauner, Cohen & Thomas, L.L.P.,* 412 F.3d 360, 363 (2d Cir.2005)); *see also Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 438–39 (6th Cir.2008) (explaining that the court must "'presum[e] a basic level of understanding and willingness to read with care.'" (quoting *Fed. Home Loan Mortgage Corp. v. Lamar,* 503 F.3d 504, 509 (6th Cir.2007))). "This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained[,] and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232, 1236 (5th Cir.1997) (citing *Clomon v. Jackson,* 988 F.2d 1314, 1318–19 (2d Cir.1993)).
>
> The debt collection letter must be read as a whole to determine if it violates the FDCPA. *See Gonzalez,* 577 F.3d at 607; *Peter v. GC Servs. L.P.,* 310 F.3d 344, 349 (5th Cir.2002). "Even the least sophisticated debtor is bound to read collection notices in their entirety." *Osborn,* 821 F.Supp.2d at 877 (quoting *Campuzano–Burgos v. Midland Credit Mgmt.,* 550 F.3d 294, 299 (3d Cir.2008)); *see also Walker v. Pharia, LLC,* No. 4:09–cv–369–Y, 2010 WL 565654, at \*3 (N.D.Tex. Feb.18, 2010) (Means, J.) ("[E]ven an unsophisticated consumer should have read the entire document, including

attachments, to discern the nature of the claim." (citing *Miller v. Javitch, Block & Rathbone,* 561 F.3d 588, 595 (6th Cir.2009))).

*Id*.

Here, as it did in *Langley v. Weinstein & Riley, P.S.*, this Court can conclude the Sears collection letter does not violate is 15 U.S.C. § 1692g(b) as a matter of law. *Langley v. Weinstein & Riley, P.S.*, No. CIV.A. H-12-1562, 2013 WL 2951057, at *6 (S.D. Tex. June 14, 2013).

## A.  Nothing in the Letter Overshadows the FDCPA Disclosure.

"A debt collector may violate Section 1692g if other language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily-mandated notice" in subsection 1692g(a). *McMurray v. ProCollect, Inc.,* 687 F.3d 665, 668 (5th Cir.2012). Courts have held that the statute implies that the required disclosures be set forth in a form and within a context that does not distort or obfuscate its meaning. *Peter v. GC Servs. L.P.,* 310 F.3d 344, 348 (5th Cir.2002).

According to Mr. Johnson, statements in Sears' letter overshadowed the FDCPA disclosure because Sears threatened foreclosure on Mr. Johnson's property if payment in full was not received. *See* First Amended Complaint at 10, ¶¶ 65-66.

The Fifth Circuit, in considering a consumer's allegation that threats of negative action in a demand letter overshadowed an FDCPA required notice, disagreed. *McMurray v. ProCollect, Inc.*, 687 F.3d at 671. The Fifth Circuit held threatening to take actions a creditor is legally entitled to take if the debt is not paid does not overshadow the required notice language because one way of encouraging a debtor to come forward and resolve a

dispute with a creditor is to inform the debtor of the possible negative consequences that arise from failing to pay a debt. *Id.* According to the Fifth Circuit, making a debtor like Mr. Johnson aware of the negative consequences of failing to pay- in this case potential foreclosure- both encourages a debtor to pay valid debts and, where appropriate, to provide notice to a creditor of genuine claims that the alleged debt is invalid. *Id.*

Here, like the letter in *McMurray v. ProCollect, Inc.*, Sears' letter provided warnings about the negative implications of failing to pay the debt. The letter discloses that a debt is owed. The letter provides an amount owed, an address to which payment may be made, and includes an enclosure with a breakdown of the amounts owed. The letter requests payment and advises Mr. Johnson that a foreclosure proceeding "will commence" if full payment is not received. The letter then provides several notices to Mr. Johnson advising him of protections that may exist for him under the law. The letter provides the FDCPA disclosure required by § 1692g(a). The FDCPA notice is the only text in the letter that is indented, part of the FDCPA notice is in bold type, and the FDCPA notice begins with the heading, "**FAIR DEBT COLLECTION PRACTICES ACT NOTICE**". That heading advising Mr. Johnson of the notice is also in both bold type and all capital letters in the notice letter. The letter also advises Mr. Johnson in bold type and underlined text that he is entitled to certain protections and has certain rights if his spouse or he is an active member of the military or reserves.

Examining the letter as a whole and not taking a single phrase out of context, it is clear the disclosure of Lake Olympia Civic Association's right to foreclose on the property does not obscure or deceive an unsophisticated consumer. As a result, the notice language

is not overshadowed by the letter's foreclosure warning. *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 671 (5th Cir. 2012).

**B.    The Letter Does Not Contradict the FDCPA Notice.**

Mr. Johnson's second allegation concerns the thirty-day notice on the first page of the Sears letter. The Sears letter requests Mr. Johnson make payment of the amount owed "within thirty (30) days of the date of this letter". Then, in the FDCPA disclosure, the letter advises Mr. Johnson he has "thirty (30) days after receipt of this notice" to dispute the debt. According to Mr. Johnson, even though both notices provide Mr. Johnson with 30 days to act, the potential that he might receive the letter on a day after it is dated contradicts or overshadows the FDCPA notice in the letter because receiving the letter after it is dated gives him less than 30 days from receipt to pay his debt.

Courts have generally found contradiction or apparent contradiction of the printed § 1692g notice where payment is demanded in "a concrete period shorter than the 30–day statutory contest period." *Mahmoud v. DeMoss Owners Assoc., Inc.*, 865 F.3d 322, 331 (5th Cir. 2017); *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669-70 (5th Cir. 2012); *Peter v. GC Services, L.P.*, 310 F.3d at 349-50. Statements that request payment or other actions with no time period specified do not contradict the § 1692g notice. *Peter v. GC Services, L.P.*, 310 F.3d at 349-50. If the challenged language does not demand payment in a specific time period shorter than 30 days, it does not violate § 1692g. *Peter v. GC Servs. L.P.,* 310 F.3d at 350. The letters that have violated the FDCPA by providing shorter periods of time have given the debtor one week, or ten days, or demanded payment "now" or "immediately." *Peter v. GC Services, L.P.*, 310 F.3d at 349.

The collection letter must be read "in its entirety [to] determine if there is a concrete period shorter than is required." *Mahmoud*, 865 F.3d at 331. It is a demand for payment within a concrete time less than 30 days that is contradictory to the debt verification notice. *Osborn v. Expsz, LLC*, 821 F.Supp.2d 859, 871-72 (S.D. Tex. 2011). In *Peter v. GC Services, L.P.*, the letter demanded payment in full but did not specify a time period. *Peter v. GC Services, L.P.*, 310 F.3d at 349-50. In *McMurray v. ProCollect, Inc.*, the letter also did not specify a time period. *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669-70.

Here, the time period in the letter is 30 days. *Mahmoud v. DeMoss Owners Assoc., Inc.* is directly on point. There, the letter was written by a law firm on behalf of a property owners' association. *Mahmoud v. DeMoss Owners Assoc., Inc.*, 865 F.3d at 326. In that letter, it read payment must be made "on or before the expiration of thirty (30) days from and after the date hereof". *Id.* Later in the same letter there is the FDCPA required notice giving the debtors 30 days from receipt of the notice to contest the debt. *Id.*

Like Mr. Johnson, the debtor in *Mahmoud* alleged the letter giving it 30 days from the date hereof in a letter dated October 8, 2012 was confusing and overshadowed the statutory notice providing 30 days from the date of receipt to dispute the debt. *See Mahmoud v. De Moss Owners Ass'n, Inc.*, No. CV 4:13-CV-1758, 2015 WL 12551078, at *2 (S.D. Tex. Sept. 30, 2015), *aff'd,* 865 F.3d 322 (5th Cir. 2017)("Slaughter advised the plaintiffs that unless the balance on their Unit account was paid in full on or before the expiration of **thirty (30) days from the date of the letter**, the Association would commence foreclosure proceedings against their Unit."(emphasis added)).

In affirming the district court's summary judgment in favor of the law firm, the Fifth Circuit explained the letter stated on page one that Mahmoud and Jackson needed to pay on or before thirty (30) days after the date of the letter or nonjudicial foreclosure would occur. *Mahmoud v. De Moss Owners Ass'n, Inc.*, 865 F.3d at 331. However, on page two the letter reads "[U]NLESS YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS LETTER, WE WILL ASSUME THE DEBT IS VALID." *Id*. The Fifth Circuit held the letter in question did not demand action in a concrete period shorter than 30 days from receipt of the letter when read by the least sophisticated consumer. *Id*. The Fifth Circuit also explained, "Reinforcing our conclusion, other circuits have clearly held that if 'any confusion created by the ambiguity on the front of the letter dissipates when read in conjunction with the language on the back,' then there is no violation." *Mahmoud v. De Moss Owners Ass'n, Inc.*, 865 F.3d at 331.

While it is outside the Fifth Circuit, a district court in Florida was asked to determine whether the language challenged in the Sears letter – thirty days from the date of the letter – was deceptive and contradictory thereby overshadowing the statutory notice. *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d 1361 (M. D. Fla. 2002). That Court ruled that as a matter of law, the 30-day notice in the letter did not violate the FDCPA even though it was inartfully drafted and poorly worded. *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d at 1370. The court held, "Although these paragraphs differ in whether the thirty days begins to run on the date of the letter or after the receipt of the letter, the Court finds

that nothing in the letter restricts the period to less than the thirty days that the statute provides." *Id.*

In *DeCarlo v. McKinnon*, another FDCPA case out of Florida, the Plaintiff relied on *Owens v. Hellmuth & Johnson, PLLC*, a case from Minnesota holding that the potential difference- 30 days from the date of the letter as opposed to 30 days from the date of receipt- was a violation of the statute. *DeCarlo v. McKinnon*, 2014 WL 12214345 *5 (S.D. Fla. 2014). As that court explained in rejecting the Plaintiff's arguments, "*Owens* is a case from the District of Minnesota, which has no binding authority on this Court." *DeCarlo v. McKinnon*, 2014 WL 12214345 *6.

Thirty days from the date of the letter and thirty days from the date of receipt both provide for 30 days. *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d at 1370. The potential for one date to differ from the other due to a delay in delivery is not a concrete period less than 30 days. It is a concrete period of thirty days. The distinction Mr. Johnson tries to create and the contradiction he alleges do not exist when the letter is read as a whole and the FDCPA notice is found on the second page above Mr. Sears' signature. The FDCPA notice is designed to draw the reader's attention to it as it follows a bold typed all capital heading and is the only part of the letter that is indented. The Sears letter does not run afoul of the legal standard announced by the Fifth Circuit for overshadowing or contradiction in *Peter v. GC Servs. L.P.* and explained further in *Mahmoud v. DeMoss Owners Assoc., Inc.*, and *McMurray v. ProCollect, Inc.*

This is not a case in which another amended complaint or discovery will change the outcome. The letter, which is attached to the amended complaint, says what it says. The

Fifth Circuit has decided the issue. Sears motion to for judgment should be granted and judgment entered that Mr. Johnson take nothing on his complaint against Sears.

## CONCLUSION

Sears sent a letter to Mr. Johnson requesting payment of an outstanding balance Mr. Johnson owed his HOA. The letter contained the FDCPA notice required by 15 U.S.C. §1692g(a). The letter did not demand payment immediately or in any concrete time period less than 30 days. The also letter disclosed that Mr. Johnson's property was subject to foreclosure if the debt was not paid. Notice of a potential negative effect arising out of failing to pay a debt does not overshadow the FDCPA notice in the letter. As a matter of law the notice was not overshadowed or contradicted by the request for payment within 30 days and the disclosure of potential foreclosure proceedings. The letter does not violate 15 U.S.C. §1692g(b), and judgment should be entered against Mr. Johnson.

Respectfully submitted,

By: _/s/ Richard G. Wilson_
        Richard G. Wilson
        Texas Bar No. 00794867
        Southern District No. 20888
16676 Northchase Drive, Suite 410
Houston, Texas 77060
Telephone: (281) 260-6304
Facsimile: (281) 260-6467
rwilson@tkalaw.com

Attorney for Defendant Sears, Bennett & Gerdes, LLP

-14-

Of Counsel:

KERR WILSON, P.C.
16676 Northchase Drive, Suite 410
Houston, Texas 77060
(281) 260-6304 - Telephone
(281) 260-6467 – Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was forwarded via certified mail, return receipt requested, hand-delivery, facsimile, or electronic service to all counsel of record that have appeared, on this 7th day of August, 2019:

Russell S. Thompson IV
5235 E. Southern Avenue D106-618
Mesa, Arizona 85206


/s/ *Richard G. Wilson*
Richard G. Wilson

-15-